**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KEMERIA BESHIR, : 
 : 
      Plaintiff, :   Civil Action No.:   10-652 (RMU)
 : 
      v. :   Re Document No.:  11
 : 
ERIC HOLDER, II *et al.*, : 
 : 
      Defendants. :

## MEMORANDUM OPINION

DENYING WITHOUT PREJUDICE THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
GRANTING LEAVE TO FILE AN AMENDED COMPLAINT; GRANTING LEAVE TO THE DEFENDANT
TO FILE A RENEWED MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This matter comes before the court on the defendants' renewed motion for summary judgment. The plaintiff, an asylee from Ethiopia, seeks to compel the defendants[1] to make a decision on her application to adjust her immigration status from an asylee to a permanent resident. Since April 2008, the U.S. Citizenship and Immigration Services ("USCIS") has held in abeyance the plaintiff's request for reconsideration of her application to adjust her immigration status. According to the defendants, this decision was made pursuant to a USCIS policy to withhold such decisions for certain categories of individuals whose applications involve terrorism-related grounds for inadmissibility.

---

[1] The defendants in this case are Eric H. Holder, II, the Attorney General of the United States; Janet Napolitano, Secretary of the Department of Homeland Security ("DHS"); Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("FBI"); Alejandro Mayorkas, Director of U.S. Citizenship and Immigration Services ("USCIS"); Lauren Kilesmeier, Acting Deputy Director of USCIS; Lori Scialabba, Associate Director of Refugee, Asylum and International Operations, USCIS; and Donald Neufeld, Acting Associate Director of Domestic Operations, USCIS.

As explained below, the court is not persuaded that the plaintiff has sufficiently alleged an injury in fact, a prerequisite to demonstrate standing. The plaintiff, however, may remedy this jurisdictional hurdle with a well-pleaded complaint. The court therefore grants the plaintiff leave to file an amended complaint, or alternatively, orders the plaintiff to show cause why her complaint should not be dismissed for lack of standing.

Additionally, the defendants' motion for summary judgment is deficient as it fails to address whether USCIS is required to abide by its own internal policy when processing the plaintiff's application and, if so, whether it has done so. Thus, the court rules that if the plaintiff files an amended complaint, the defendants may file a second renewed motion for summary judgment, which will address this issue. In sum, because the court must determine whether it properly has jurisdiction prior to ruling on the defendant's motion, and because the defendant fails to address a central issue, the court denies without prejudice the defendants' motion for summary judgment, and grants the defendants leave to file a second renewed motion for summary judgment.

## II.  BACKGROUND

The plaintiff, a citizen of Ethiopia, came to the United States in 2002 on a visitor visa. Compl. ¶ 13. She subsequently applied for and was granted asylum on March 26, 2003. *Id.* Under the Immigration and Nationality Act ("INA"), the Secretary of the Department of Homeland Security ("DHS") has the discretionary authority to allow an asylee to become a permanent resident if she deems that individual admissible. 8 U.S.C. § 1159(b). On May 3, 2004, the plaintiff applied to adjust her status to that of a permanent resident. Defs.' Statement of Material Facts Not in Dispute ("Defs.' Statement") ¶¶ 1-2.

On February 28, 2008, USCIS notified the plaintiff that her application for adjustment of status had been denied. *See generally* Compl., Ex. B ("February 2008 Letter"). This decision was based on statements made by the plaintiff in her asylum application reporting that, while living in Ethiopia, she had provided material support to a group known as the Oromo Liberation Front ("OLF"). *Id.* at 3; Defs.' Mot. to Dismiss, Martin Decl. ¶¶ 10-11. According to USCIS, the OLF met "the current definition of an undesignated terrorist organization" as set forth in the INA. February 2008 Letter at 3. Because the plaintiff's "acts of material support of the OLF were voluntary," USCIS determined that the plaintiff was inadmissible as a permanent resident and denied her application for adjustment. *Id.*

USCIS granted the plaintiff's request to reopen her application on April 30, 2008, but advised her that her case would be "placed on hold" because the record was insufficient "to establish eligibility for the benefit sought." Compl., Ex. I at 1. Since that time, the plaintiff has inquired as to the status of her application on multiple occasions, but USCIS has consistently responded that her application "is still currently on hold" at the processing center. Compl. ¶ 23. On January 31, 2010, the plaintiff sent USCIS a letter requesting adjudication of her application. *Id.* ¶ 27. Notwithstanding these efforts, the plaintiff has not yet received a disposition on her application. *Id.* ¶ 34.

According to the defendants, the delay in the adjudication of the plaintiff's application is the result of "evidence of terrorism-related inadmissibility in [her] application and the extended processing required." Defs.' Mot. for Summ. J. at 3. USCIS claims that the plaintiff's application remains "in abeyance per USCIS policy regarding terrorism-related inadmissibility." *Id.*

USCIS issued a memorandum on February 13, 2009 which outlines guidelines for the adjudication of cases involving terrorist-related inadmissibility grounds. *See generally* Compl., Ex. P ("February 2009 Policy Memorandum"). This memorandum expressly requires that adjudicators hold in abeyance, "pending further instruction," any case in which the applicant is "inadmissible under the terrorist-related provisions of the INA based on any activity or association that was *not under duress* relating to any Tier III organization, other than those for which an exemption currently exists." [2] *Id.* at 2. Importantly, the memorandum specifically provides that

> [i]f the adjudicating office receives a request from the beneficiary and/or attorney of record to adjudicate a case on hold per this policy (including the filing of a mandamus action in federal court) . . . the case should be elevated through the chain of command to appropriate Headquarters personnel. Guidance will be provided by USCIS headquarters on whether or not the case should be adjudicated.

*Id.* at 3.

On April 27, 2010, the plaintiff commenced this action seeking an order "compel[ling] Defendants and those acting under them to perform their duty to adjudicate" the plaintiff's application for adjustment of status. Compl. ¶ 41. The plaintiff seeks this relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 555[3]; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.* ¶¶ 1, 37. The defendants previously filed a motion to dismiss or, in the alternative, for summary judgment, arguing that jurisdiction to

---

[2]   The terrorist organization at issue here, the Oromo Liberation Front ("OLF"), was not listed as an exempted group in the February 2009 Memorandum. February 2009 Policy Memorandum at 2, n.3.

[3]   Under 5 U.S.C. § 555(e), "[p]rompt notice shall be given of the denial in whole or in part of a written application . . . of an interested person made in connection with any agency proceeding." 5 U.S.C. § 555(e).

entertain the plaintiffs' claims had been stripped by statute. *See generally* Def.'s Mot. to Dismiss. The court denied the defendants' motion, but granted leave to the defendants to file a renewed motion for summary judgment, which they have now done. At this juncture, the court would normally proceed to evaluate the merits of the defendants' arguments; however, as a threshold matter, the court turns to first consider whether the plaintiff has sufficiently alleged facts that support her standing and the court's jurisdiction. *See Raytheon Co. v. Ashborn Agencies, Ltd.*, 372 F.3d 451, 453 (D.C. Cir. 2004) ("Article III standing must be resolved as [a] threshold matter.")

## III.  ANALYSIS

### A.  The Court Grants Leave to the Plaintiff to File an Amended Complaint That Alleges Her Injury in Fact

To demonstrate standing, a plaintiff must, *inter alia*, allege that she suffered an injury in fact, defined as a harm that is concrete and actual or imminent, not conjectural or hypothetical. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 243 (D.C. Cir. 1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). Here, the plaintiff claims as her injury "the many benefits of becoming a Permanent Resident of the United States." Compl. ¶ 36. More specifically, the Plaintiff claims that the Defendants' inaction has injured her by "indefinitely delay[ing the] Plaintiff's ability to travel, to apply to organizations and agencies which employ people abroad, to apply for federal educational loans, to apply for many professional jobs that require applicants to have permanent resident status, etc., which has thereby indefinitely delayed Plaintiff's ability to increase her earning potential." *Id.* ¶ 39.

Essentially, the plaintiff asks the court to assume that a decision on her application for permanent residency would automatically result in a change of immigration status that would allow her to travel, work, study and generally increase her earning potential.  In other words, she asks that the court assume that when the defendants process her application, she will receive her permanent residency.  Such an outcome, however, is not guaranteed; indeed, the defendants have repeatedly stated that should they be forced to adjudicate the Plaintiff's I-485 application now, it will most likely be denied.  Defs.' Mot. at 22.  Moreover, the defendants maintain that while her application is pending, the plaintiff is eligible to apply for both "work authorization and travel documents to allow her to work and travel abroad," *id*. at 5, making it unclear how the defendants' actions are causing her inability to work and travel.

This Circuit has made clear that no standing exists if the plaintiff's allegations are "purely 'speculative[, which is] the ultimate label for injuries too implausible to support standing.'" *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301, 307 (D.C. Cir. 2001) (quoting *Advanced Mgmt. Tech., Inc. v. Fed. Aviation Admin.*, 211 F.3d 633, 637 (D.C. Cir. 2000)).  Nor does standing exist where the court "would have to accept a number of very speculative inferences and assumptions in any endeavor to connect [the] alleged injury with [the challenged conduct]." *Winpisinger v. Watson*, 628 F.2d 133, 139 (D.C. Cir. 1980).

Under the circumstances described above, the plaintiffs' alleged injuries appear to be precisely the "purely speculative" injuries that cannot support standing.  *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d at 307.  The plaintiff's current complaint has alleged an injury in fact to support standing only if the court presumes that forcing the defendants to make a decision on the plaintiff's application would result in her permanent residency.  *See Alamo v. Clay*, 137 F.3d 1366, 1369 (D.C. Cir. 1998) (holding that the alleged injury – the continued absence of the

plaintiff-church's pastor due to his incarceration and subsequent denial of parole – was purely speculative because the plaintiff-church was asking the court to presume that the Parole Commission's grant of parole to the inmate would result in his return to the pastorate). Because drawing such an inference would be inappropriate, the court is not satisfied that the plaintiff has sufficiently alleged standing. *Winpisinger*, 628 F.2d at 139 (D.C. Cir. 1980). This is not to say, however, that the plaintiff cannot remedy this deficiency by filing an amended complaint that describes her current injury. Accordingly, the court grants the plaintiff leave to file an amended complaint, or, in the alternative, show cause why her current complaint is not deficient.

**B.  The Court Denies Without Prejudice the Defendants' Motion for Summary Judgment**

The plaintiff alleges in her complaint that the defendants violated the USCIS policy that was delineated in USCIS's February 13, 2009 internal memorandum. Compl. ¶¶ 33-35. As already noted, this memorandum puts forth guidelines for the adjudication of cases involving terrorist-related inadmissibility grounds. *Id.*, Ex. P ("Feb. 2009 Policy Mem."); *see also supra* Part II. More specifically, under this memorandum, when an applicant's attorney requests adjudication in a case that has been placed on hold for terrorism-related inadmissibility policy, USCIS must "elevate[] [the pending application] through the chain of command to appropriate Headquarters' personnel." Compl., Ex. P. According to the plaintiff, she "has a right to have the hold on her case reviewed by USCIS Headquarters," *id.* ¶ 35, and the defendants have failed to follow this policy, Pl.'s Opp'n at 7. As such, the plaintiff concludes that the defendants have "failed to act on a duty owed to [the p]laintiff." *Id*.

The defendants do not address the plaintiff's allegations that USCIS failed to adhere to its own policy outlined in the Defendant's February 13, 2009 memorandum. *See generally* Defs.'

7

Mot. for Summ. J.  Although the defendants acknowledge that this internal memorandum exists, *id*. at 10-11, they neglect to address whether this internal policy is binding and whether compliance with the policy is reviewable under the APA.  *See e.g.*, *Am. Portland Cement Alliance v. Envtl Protection Agency,* 101 F.3d 772, 776 (D.C. Cir. 1996) ("In examining whether agency actions are subject to judicial review, the court has looked to a variety of criteria, including the agency's own characterization of its action, publication or lack thereof in the Federal Register or the Code of Federal Regulations, and whether the action has a binding effect on the rights of parties, and on the agency's ability to exercise discretion in the future.").

  The court cannot rule on the defendant's motion without properly considering whether the defendants were required to comply with their own policies and, if so, whether they actually complied with such procedures.  Because the defendants provide no argument on the topic, the court declines to address the merits of the defendants' motion for summary judgment at this time.  *Ry Labor Execs. Ass'n v. U.S. R.R. Ret. Bd.*, 749 F.2d 856, 859 n.6 (D.C. Cir. 1984) (declining to decide an issue "on the basis of briefing that lacked any law was lacking) "on the basis of briefing which consisted of only three sentences . . . and no discussion of the . . . relevant case law").  Instead, the court denies the defendants' motion without prejudice and grants them leave to submit a second renewed motion for summary judgment addressing these issues.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff leave to file an amended complaint setting forth a basis for her standing, or, in the alternative, the plaintiff is ordered to show cause as to why her complaint should not be dismissed for lack of standing.  The court further denies without prejudice the defendants' motion for summary judgment and grants the defendants leave to file a renewed motion for summary judgment.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of March, 2012.

RICARDO M. URBINA  
United States District Judge