UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEMERIA AHMED BESHIR**<br><br>Plaintiff,<br><br>v.<br><br>**ERIC H. HOLDER JR., et al.**<br><br>Defendants. | Civil Action No. 10-652 (JDB) |

**MEMORANDUM OPINION AND ORDER**

This is an immigration mandamus action filed by plaintiff to compel the U.S. Citizenship and Immigration Services (USCIS) to adjudicate her I-485 application. Currently before the Court is plaintiff's motion for discovery. For the reasons explained below, the motion will be denied.

I.   **Background**

The facts and history are set forth more fully in this Court's prior memorandum opinions and orders.[1] Kemeria Ahmed Beshir, an Ethiopian asylee, filed an I-485 application with USCIS, seeking to adjust her immigration status from asylee to that of a permanent resident. Am. Compl. ¶ 3. Initially, USCIS denied her application, based on information that she provided material support to the Oromo Liberation Front (OLF), which, under the Immigration and Naturalization Act, rendered her inadmissible because OLF "met the current definition of an undesignated terrorist organization." Beshir v. Holder, 840 F. Supp. 2d 379, 381 (D.D.C. 2012) (internal

---

[1] The previous memorandum opinions and orders were entered by Judge Urbina. This matter was then reassigned in April 2012 after Judge Urbina's retirement.

quotation marks omitted)). USCIS later reopened Beshir's application to determine if she should be granted an exemption from inadmissibility, but advised her that the application would be placed on hold; it has remained in abeyance ever since "per USCIS policy". Beshir, 840 F. Supp. 2d at 381 (internal quotations and citations omitted).

After denying defendants' prior motions to dismiss and for summary judgment, the Court granted leave for plaintiff to file an amended complaint, which defendants have answered. In that amended complaint, Beshir seeks a writ of mandamus, claiming that "defendants, in violation of the Administrative Procedure[] Act . . . are unlawfully withholding or unreasonably delaying action on Plaintiff's I-485 [application]." Am. Compl. ¶ 37. Defendants also produced and filed the administrative record under seal, which includes and ends with questions and answers from plaintiff's last interview with USCIS on March 23, 2011. Sealed Admin. Rec. [ECF 23]; Pl.'s Mot. for Discovery [ECF 24].

Beshir subsequently filed a motion for discovery.[2] Broadly, she seeks further information about the decision-making process pertaining to her application for status adjustment, as well as information about the policies and procedures regarding USCIS's review and adjudication of cases involving terrorist-related inadmissibility grounds, including its decision to place such

---

[2] On August 17, 2012, the Department of Homeland Security announced an exercise of the Secretary's exemption authority under 8 U.S.C. § 1182(d)(3)(B)(i), which in the Secretary's discretion could exempt qualifying aliens from terrorism-related inadmissibility. 77 Fed. Reg. 49,821 (Aug. 17, 2012). Shortly after Beshir filed her motion for discovery, the case was held in abeyance by this Court based on the parties' representations that this recent exercise of exemption authority could potentially apply to Beshir, which would resolve the matters currently in dispute in this litigation. However, USCIS needed additional time to issue policy guidance implementing the exemption. See Joint Stipulation, Status Report, and Order of Abeyance [ECF 26-1]. After an extension of the stay, the parties subsequently informed the Court that "USCIS is still conducting its review process and is unable to provide an estimate of when the process will be complete." Joint Status Report at 2 [ECF 30]. Hence, the Court held a status conference on December 13, 2012 and ordered the parties to resume briefing on plaintiff's motion for discovery.

cases on adjudicatory hold. See generally Pl.'s Mot. for Discovery. Defendants object, claiming that discovery is not warranted, because Beshir's case is brought under the Administrative Procedure Act, and review by the Court in such cases is typically limited to the administrative record. Alternatively, defendants argue that some of the information plaintiff seeks is protected from disclosure under the deliberative process privilege. Def.'s Opp'n at 3-4 [ECF 32].

**II.     Discussion**

Absent "evidence that the agency has given a false reason for its policy, discovery is inappropriate in cases under the APA." See Nat'l Treas. Emps. Union v. Seidman, 786 F. Supp. 1041, 1046 (D.D.C. 1992). A party must make a "significant showing – variously described as a strong, substantial, or prima facie showing – that it will find material in the agency's possession indicative of bad faith or an incomplete record" in order to obtain "limited discovery." Air Transport Ass'n of Am., Inc. v. Nat'l Mediation Bd., 663 F.3d 476, 487-88 (D.C. Cir. 2011)) (citing and quoting language from district court's decision, which it characterized as "the correct legal standard"); see also Community for Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990) (citing Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971), and stating that discovery of an agency's decisionmaking process requires a "strong showing of bad faith or improper behavior").

Beshir essentially argues that defendants have engaged in bad faith conduct because they have not acted on her application, nor provided the information she seeks about USCIS's decisionmaking process, such as who reviewed her application, and why her application has been held. Pl.'s Discovery Mot. at 6. She also claims that defendants have acted in bad faith by expending resources "filing motions in this court and tirelessly defending the position that they have acted by promulgating generally applicable laws that have nothing to do with Plaintiff's case

in particular." Pl.'s Reply at 9.  These assertions that defendants have acted in bad faith are conjectural, vague, and unsupported by the record.  Defendants have already produced the administrative record to Beshir, which Beshir does not dispute.  Pl.'s Discovery Mot. at 6-7.  Instead, Beshir speculates that the administrative record is "incomplete because there is nothing in the record provided beyond the notes from the officer at the March 23, 2011 re-interview."  Pl.'s Reply at 8.  However, there is nothing that suggests that defendants have withheld any aspect of the administrative record.  Without more, Beshir's assertions fail to satisfy the significant showing required to demonstrate that discovery is warranted here. Lujan, 908 F.2d at 997; Volpe, 401 U.S. at 420.

Moreover, even if the Court permitted discovery, it is doubtful that such an endeavor would garner additional facts that would resolve the ultimate issue, that is, whether the Court can or should compel USCIS to adjudicate Beshir's I-485 application.  See 5 U.S.C. § 706; see also Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); Seidman, 786 F. Supp. at 1046 n.11 ("The Court may not substitute its judgment for that of the decision-making agency.") (citing Motor Vehicle Mfrs. Assoc. of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).  Plaintiff has pointed to no cases, nor could the Court locate any, where discovery has been permitted in a similar instance – namely, an action where a litigant seeks to compel adjudication of an I-485 application that was placed on hold pursuant to USCIS policy.  To the contrary,  cases  addressing the issue suggest otherwise. See, e.g., Irshad v. Napolitano, Case No. 8:12CV173, 2012 WL 4593391, at *12 n. 8 (D. Neb. Oct. 2, 2012) (rejecting plaintiff's motion for limited discovery in challenge to USCIS's adjudicatory

hold on I-485 application on procedural grounds, while also noting that "[i]t is not clear what discovery could entail"). Given all these reasons, plaintiff's discovery motion will be denied.[3]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that [24] the motion for discovery is **DENIED**. It is further **ORDERED** that the parties shall jointly submit a proposed briefing schedule for summary judgment motions by not later than February 18, 2013.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date:  February 8, 2013

---

[3] Because the Court concludes that plaintiff is not entitled to discovery, it need not address defendants' alternative argument that some of the requested discovery would also be protected from disclosure based on the deliberative process privilege.